UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**QUINTIN-DEMON JONES, ESTATE OF
LUTHER V. LISTER,**

   Plaintiff,

v.                                                          No. 4:22-cv-0490-P-BJ

**BRANCH M. SHEPPARD,**

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Quintin-Demon Jones's Motion for a Temporary Restraining Order ("TRO"), Preliminary Injunction, and an Emergency Hearing ("Motion").[1] ECF No. 2. Having reviewed the Motion, Plaintiff's Complaint, and the applicable law, the Court finds the Motion should be **DENIED** for the reasons below.

On June 6, 2022, Plaintiff initiated this suit, seeking to vacate the state court's judgment on a foreclosure action due to a lack of jurisdiction. ECF No. 1. Plaintiff alleges that the state court "obstructed the administration of justice" by assigning the case to a "Master of Equity Judge" and that the judge's summary judgment against Plaintiff was issued without jurisdiction. *Id.* at 1. Further, Plaintiff claims that state court action was decided incorrectly because: (1) the corporation responsible for initiating the state court action is "an artificial person without natural rights" and (2) the affidavit used to support the judgment was an "out of court, sworn statement" that should be struck from the record. *Id.* at 5. Plaintiff demands the return of foreclosed

---

[1] Plaintiff titles his motion "Restraining Order Injunction to Block State Court from Moving Forward with the Foreclosure and Eviction While My Motion to Challenge Jurisdiction Is Pending, And Request for Emergency Hearing on the Matter In this Court." The Court construes this Motion liberally to be a Motion for TRO, Preliminary Injunction, and an Emergency Hearing on the TRO/Preliminary Injunction.

property, the dismissal and vacatur of the state court's judgment, and the reversal of the related foreclosure procedures. *Id.* at 7.

Plaintiff's Motion filed the same day relitigates the Complaint's allegations that the state court's judgment was issued without jurisdiction and questions whether the foreclosure was proper. ECF No. 2. Further, Plaintiff alleges there was a fraud on the Court. *Id.* at 8. Plaintiff appears to request an *ex parte* TRO and preliminary injunction because the Motion seeks emergency relief. *Id.* at 1. The Motion does contain a certificate of service that Defendant received a copy of the Motion; however, as of the date of this Order, Defendant has not yet responded. *Id.* at 13.

Under Federal Rule of Civil Procedure 65(b)(1), the court may issue an *ex parte* TRO without notice to the adverse party or its attorney only if both of the following requirements are met:

> (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (2) the movant certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(A)–(B). Plaintiff's Motion does not satisfy these requirements. The Motion argues the merits of the case, but it does not allege specific facts showing immediate and irreparable injury, loss, or damage. Further, Plaintiff's certificate of service only states that the Motion "was mailed to the parties listed." ECF No. 2 at 12. Plaintiff provides no evidence that the notice requirement has been met and no argument that it should be dispensed. Therefore, the Court concludes that Plaintiff's Motion for a TRO must be **DENIED.**

Further, the Court concludes that the allegations in Plaintiff's Complaint and argument in the Motion are conclusory, meritless, and wholly insufficient to justify injunctive relief. Plaintiff is entitled to a preliminary injunction only after showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury outweighs any harm that will result if the

injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *See Janvey v. Aguirre*, 647 F.3d 585, 595 (5th Cir. 2011). As discussed above, Plaintiff failed to make the requisite showing of a substantial threat of irreparable injury.

More importantly, Plaintiff's arguments justifying the relief are unlikely to succeed on the merits. *See Baker v. Dep't of Hous. & Urban Dev.*, No. SA:19–CV–1049–DAE, 2019 WL 7759504, at *5 (W.D. Tex. Oct. 2, 2019) (calling the factor requiring a substantial likelihood of success on the merits the "main bearing wall" of the preliminary injunction test). *First*, Plaintiff asks this Court to nullify a state-court judgment and to act as a court of appeal for the state court. *See* ECF No. 1 at 7. This Court has no jurisdiction to act in this manner. *Wuxi Taihu Tractor Co. v. York Grp., Inc.*, 460 F. App'x 357, 359 (5th Cir. 2012) (quoting *Barrow v. Hunton*, 99 U.S. 80, 83 (1878)). Without jurisdiction, this Court cannot issue a merits decision in Plaintiff's favor.

*Second*, Plaintiff's Motion incoherently makes several arguments— fraud on the court because the attorney filed an inaccurate affidavit; a lack of jurisdiction by the state court judges; as a corporation, the bank is "an imaginary person" with no right to contract, own debt, or sue; and the bank lacked lawful consideration for the loan it provided. The Court cannot conclude that any of these claims are substantially likely to be meritorious after reviewing the Motion and the Complaint. Therefore, Plaintiff has failed to meet either of the first two prongs of the test for preliminary injunctive relief.

Even assuming *arguendo* that the remaining factors weighed in Plaintiff's favor (which the Court does not conclude that they do), the totality of the circumstances of the four factors weigh heavily against granting a preliminary injunction. Moreover, the Court concludes that a hearing on the Motion is unnecessary and would not assist the Court in ruling on the Motion. Accordingly, Plaintiff's Motion for a Restraining Order Injunction and Request for Emergency Hearing (ECF No. 3) is hereby **DENIED.**

**SO ORDERED** on this **8th day** of **June, 2022.**

*/s/ Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE